**In the Matter of the Estate of GILMORE T. ERIKSON, Deceased**

Probate No. 72-14

District Court of the Virgin Islands

Div. of St. Croix

November 7, 1974

YOUNG, *District Judge*

MEMORANDUM OPINION AND ORDER

SUR REVIEW OF REJECTION OF CREDITOR'S CLAIM

The matter now before me is the review of another rejection by the Administratrix of a claim against decedent's estate. In this matter, the claimant is Patricia Wendy Erikson ("Wendy") a minor daughter of decedent by his

first marriage. She is appealing the denial of her two claims against the estate. The first claim is for support payments accruing after the death of the deceased. The second claim is for ten percent of the net distributable estate, per the separation agreement in decedent's divorce which provided that decedent would leave a will bequesting to Wendy a portion of his estate in that percentage amount.

■ The separation agreement obligated decedent to pay ". . . for the support and maintenance of the child . . . until her majority or sooner marriage or death . . . ." There is no provision for termination on death of decedent, but decedent was obligated under the separation agreement to maintain a $10,000 life insurance policy for Wendy's benefit and to bequeath ten percent of his estate to her. These provisions which take effect on decedent's death were a substitute for the monthly support payments, and I find that it was the intention of the parties that the support payments terminate on decedent's death.

■ Decedent died intestate thereby failing in his obligation to bequeath ten percent of his estate to Wendy. Wendy is an heir at law of decedent and will take 22.22 percent of his estate as her intestate share. The intent of the provision in the separation agreement was that decedent not disinherit Wendy, and by dying intestate, there has been substantial compliance with that provision. It would be unjust for Wendy to take both under the separation agreement and through intestacy. The administratrix has not attempted to limit Wendy to ten percent per the contractual agreement; therefore, I hold that Wendy may collect her intestate share only.

ORDER

In accordance with my findings and the reasons in support thereof set forth in the foregoing Memorandum Opinion, it is hereby

39

ORDERED that the two claims of Patricia Wendy Erikson be DENIED.